**SIGNED.**

Dated: October 29, 2009



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| Global Aircraft Solutions, Inc., et al., | Case No. 4-09-bk-01655-JMM |
| Debtors. | (Jointly Administered) |
| This filing applies to:<br>☐ All Debtors<br>☒ Specified Debtors<br>  ☒ Global Aircraft Solutions, Inc.<br>  ☒ Hamilton Aerospace Technologies, Inc.<br>  ☐ World Jet Corporation<br>  ☐ Hamilton Aerospace Mexico S.A. de C.V. | |
| Pamir Airways, a corporation organized under the laws of Afghanistan,<br><br>         Plaintiff,<br>vs.<br><br>Global Aircraft Solutions, Inc., a Nevada corporation; Renegade Venture Corp. d/b/a Hamilton Aerospace Technologies, Inc., a Delaware corporation; John B. Sawyer and Esmerelda Sawyer, husband and wife; Aidan International, LLC, a Nevada limited liability company; Alden Kawika Crowley and Nadia Crowley, husband and wife; Victory Park Credit Opportunities Master Fund Ltd. f/k/a Victory Park Master Fund, Ltd., an Illinois corporation; Newjet Engine Finance, LLC, a Florida limited liability company; Newjet Engine Services, LLC, a Florida limited liability company; and Gordon Hamilton and Jane Doe Hamilton, husband and wife,<br><br>         Defendants. | Adv. No. 4-09-ap-00526-JMM<br><br>**MEMORANDUM DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT** |

# **PROCEDURE**

Before the court are the Trustee's Motion for Partial Summary Judgment (DN 77), as well as Pamir's Motion for Partial Summary Judgment (DN 104). The Trustee seeks to gain a decision that his legal interest in an airframe and two jet engines is superior to both Pamir and the Newjet entities. Both Pamir and the Newjet entities resist that attempt.

On the date of the hearing, October 28, 2009, Pamir and the Trustee announced a settlement. Thus, as to those parties, the court need not determine which one has the superior interest in any of the disputed property.

As for the Newjet entities, they have recently obtained new counsel, and they have filed several pleadings within this week. They have an interest only in the two jet engines. The first question, however, is whether Newjet's recent pleadings should be considered. While the court has read them, and allowed counsel to argue, the court finds that the responses were filed too late, and permission to file late responses was not sought. Nor were adequate reasons (excusable neglect) given as to why the Newjet entities failed to timely plead. Other parties have been prejudiced by these maneuvers.

That said, the court finds that even if those pleadings had been timely, the arguments made by the Newjet entities do not raise a material and genuine issue of material fact which would require a trial on the merits.[1] Thus, on the law, the court finds that the Trustee has made the prevailing argument.

This court has core jurisdiction over the matters raised by the Trustee's motion. 28 U.S.C. § 157(b) (A), (B), (K) and (O).

---

[1] Prior to the hearing, the court read the Newjet pleadings, and, at the hearing, its counsel argued Newjet's position.

## MERITS

Cases such as this one are never easy, as they involve competing interests in the same property.

However, the case at bar does not carry with it novel legal or factual issues. Nor are there critical issues in dispute which would warrant a trial.

Based on the Trustee's avoiding powers as a hypothetical lien creditor, the court finds that as of the petition's filing date of January 30, 2009, his interest is superior to any unrecorded lien or ownership claims which might be asserted by the Newjet entities. 11 U.S.C. § 544.

## RULING

The Trustee's Motion for Partial Summary Judgment against Newjet Engine Services, LLC, and Newjet Engine Finance, LLC, will be GRANTED. Any competing motion on the same issues will be denied. Counsel for the Trustee shall lodge an appropriate form of judgment as soon as practicable.

As the finality of this legal decision is crucial to the future of the reorganized Debtor, this court also finds and concludes that FED. R. CIV. P. 54(b) (FED. R. BANKR. P. 7054) language is appropriate, and should be included in the partial judgment submitted. Once entered, then, the 10-day appeal period on the Newjet issues will commence. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy
Notification Center ("BNC") to the following:

Rob Charles
Lewis and Roca LLP
One South Church Ave., Suite 700
Tucson, AZ 85701
*Attorneys for Frank T. Hundley, Chapter 11 Trustee*     Email: rcharles@lrlaw.com

| | | |
|---|---|---|
| 1 | Gilbert B. Weiner<br>2425 East Camelback Road, Suite 950<br>Phoenix, AZ 85016<br>*Attorneys for Pamir Airways* | Email: gilbertweiner@cox.net<br>Email: gweiner@ix.netcom.com |
| | Thomas J. Salerno<br>Squire, Sanders & Dempsey L.L.P.<br>Two Renaissance Square, Suite 2700<br>40 North Central Avenue<br>Phoenix, AZ 85004<br>*Attorneys for Victory Park* | Email: tsalerno@ssd.com |
| | Kent E. Turley<br>Turley Swan & Childers, PC<br>3101 North Central Avenue, Suite 1300<br>Phoenix, AZ 85012-2643<br>*Attorneys for Wright Brothers* | Email: kturley@tsc-law.com |
| | Peter Akmajian<br>Udall Law Firm LLP<br>4801 E. Broadway Blvd., Suite 400<br>Tucson, AZ 85711<br>*Attorneys for Hamilton and Sawyer* | |
| | Alden Kawika Crowley<br>Aidan International, LLC<br>1908 Shifting Winds Street<br>Las Vegas, NV 89117<br>*Pro per* | |
| | Ivan J. Reich<br>Gray Robinson, PA<br>401 E. Las Olas Blvd., Suite 1850<br>Fort Lauderdale, FL 3301<br>*Attorneys for Defendants, Newjet Engine Finance, LLC and Newjet Engine Services, LLC* | Email: Ivan.Reich@Gray-Robinson.com |
| | Scott B. Cohen<br>Engelman Berger, P.C.<br>3636 North Central Avenue, Suite 700<br>Phoenix, AZ 85012 | Email: sbc@engelmanberger.com |